# United States Court of Appeals for the Fifth Circuit

---

No. 25-50186
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

August 5, 2026

Lyle W. Cayce
Clerk

Martin Pena, Jr.,

*Plaintiff—Appellant*,

*versus*

E. Fuentes, *Jailer, Kendall County Sheriff's Office, Individual and Official Capacity*; E. Pereda, *Corporal, Jailer, Kendall County Sheriff's Office, Individual and Official Capacity*; Alexandra Miranda,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:23-CV-435

---

Before Davis, Stewart, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Martin Pena, Jr., Texas prisoner # 2399103, appeals the dismissal of his civil complaint, which he filed pursuant to 42 U.S.C. §§ 1983, 1985, 1986, and 1988, claiming that his First, Fourth, Fifth, Eighth, and Fourteenth Amendment rights were violated. He argues that crucial evidence related to

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-50186

his excessive force claim was withheld; the documentary evidence submitted by the defendants is false and does not match the jail and body camera video evidence; he never resisted the officers or kicked an officer; an officer incorrectly stated in a declaration that another officer removed his handcuffs in the sallyport before the first tasing; his belligerence did not justify the use of excessive force; and it is unconstitutional to tase someone in handcuffs.

Pena does not challenge the district court's dismissal of his claims that the defendants violated his rights under § 1988 or the First, Fifth, and Eighth Amendments. He likewise fails to brief any challenge to the district court's dismissal of his claims of false arrest and malicious prosecution; a conspiracy to violate his constitutional rights under § 1985 and § 1986; and his Fourteenth Amendment excessive force claim. By his failure to brief, he has abandoned these issues. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

As for the summary judgment dismissal of Pena's Fourth Amendment excessive force claim, Pena fails to show a genuine dispute as to any material fact. *See Cloud v. Stone*, 993 F.3d 379, 383 (5th Cir. 2021); *Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011). The district court thus did not err in determining that the defendants were entitled to qualified immunity and in granting summary judgment. *See id*. at 383-84; *see also Craig v. Martin*, 49 F.4th 404, 413-17 (5th Cir. 2022); *Betts v. Brennan*, 22 F.4th 577, 583 (5th Cir. 2022).

AFFIRMED.